080923 Irene Wachowski v. Danny Wachowski Good morning, your honors. And please remember, this is not a microphone, it's only a recording device. Keep your voice up. You have to compete with the sound of street noises. May it please the court. Is that loud enough?  Good morning, your honors. My name is Diane Ana Chomowski and I'm the attorney for the appellant Irene Wachowski. I would like to reserve five minutes for rebuttal. There are three key reasons why the lower court must be reversed. Section 503B2 of the Illinois Marriage and Dissolution Act states that the value of a pension benefit under the Illinois Pension Code shall be determined according to the valuation procedures established by the retirement system itself. Daniel's pension, the appellee, Daniel's pension is the municipal employee's annuity and benefit fund of Chicago and it's governed by Article 8 of the Illinois Pension Code. The value of Daniel's benefits is found in Section 8-138B of that code. Section 138B states or determines that there are, that it's a predetermined mandated benefit formula based on the employee's age, years of service, and annual salary. I'm sure counsel doesn't disagree with anything that you've stated so far. The question is how do we apply those principles to the factual situation in this case? And we're somewhat hamstrung by the absence of a transcript. Why is there no transcript in the record? Your Honor, the reason there was no transcript is because there was no way for I as the counsel to prepare one. I spoke to both of the actuaries, I spoke to the trial counsel, and I spoke to my client, Irene, and no one could remember how or why whatever the testimony was during the trial that indicated that it would be contributions. So there was nothing to agree to. I mean, what I would have to do is take the trial counsel's word for it, which I felt as if I couldn't do. And on top of everything else, when I looked at the record that I had, it was very clear to me because that this is a defined benefit plan and that it is clearly cannot be contributions alone. It's just, you know, that's just one factor in determining the benefit. But, of course, you understand that. What relief are you asking for? We obviously can't determine what the true value of the pension is, right? Well, you can apply the Richardson case and... With what figures? The figures that there is a benefit that Daniel's getting. I don't know the exact amount that he's getting. Neither do we. Right. I understand that. But that could be, I guess, remanded. So what relief are you asking for? What we're asking for is that a determination that the contributions cannot be Daniel's benefit and, therefore, the marital portion cannot be... We can't then determine what the true value of the pension is, can we? I think you can, Your Honor, if you apply the reserve jurisdiction approach. What value would that be? Taking the best case scenario from your point of view, what value is that? That value would be Sander Goldstein's, Irene's experts' determination of the accrued benefit, which was approximately $770,000, and apply the formula. When I went through... Does it show how she reached that figure? Yes. Sander, yes. How did she reach that figure? Well, it's a four-page, I don't know the details, but there's a four-page report in the record that explains how he came to that determination. How do we know that the figures that she has in that four-page document comport with the information that the city has regarding the value of his pension? Because of the fund letter, Your Honor. There's a letter from the municipal fund where it states, this is what your estimated benefit is in approximately $3,000, and this was in 1996 per month per life, and then it lists all the different... And, in fact, it's that letter that the trial judge relied on to set a value. Right, but that letter also clearly indicates that the contributions are just contributions and it's one of the factors. It says in the letter that the benefit is determined, your benefit has been determined to be, your estimated benefit has been determined to be $3,000, whatever it was, a month, if you were to retire at that time. Well, then let's get to the agreement between the parties. What is the agreement between the parties? Councils or the respondent says that there's a big distinction between this case and Richardson because here we're talking about value of the pension at a particular date as opposed to sharing the pension benefits themselves. Well, Your Honor, if you read Richardson, Richardson... We have read Richardson, I can assure you. Of course, obviously. In Richardson, as I see it, as I recall, it was the... You're going to another issue. My question is to you, what is the agreement between the parties in terms of what is to be divided between the parties? Is it a share of the pension benefit or is it a value, half of the value of the pension benefit on a particular date? It's half of the marital portion. Half of the what? Half of the marital portion of Daniel's benefit. Do you understand the difference in the language? I mean, you're talking value here, not half of the pension. Exactly. But the pension in Richardson is defined as from the date of the marriage to the date of the dissolution, which is the marital portion in... I'm not focusing on what the marital portion is. And, of course, the marital portion is always going to be the same. It's going to be during that period of time that they were actually married. What we're looking at is what is the agreement between the parties? What did your client agree with her soon-to-be ex regarding how to divide the pension benefit? It looks like, based on the language, that she only wanted half of the value of the pension on the date of the dissolution of the marriage, as opposed to I want half or a portion of whatever pension you're going to be receiving in the future. But, Your Honor, this is a defined benefit plan, and the form of payment is an annuity. So since Daniel's receiving his annuity at this point now, since this is how the case has evolved, it has to be a portion of his benefit. So you're saying that the value is the present value of the annuity that he would be receiving for the rest of his life? Yes. Is that what your expert said? Yes, as I recall. All right. But the judge obviously didn't follow that. No, Your Honor. I don't understand. To me, there's no rhyme or reason how contributions can be just the benefit. I mean, it's clearly just one of the factors that you use to determine a benefit in a defined benefit plan. If it was a defined contribution plan, like with an employee count, then definitely it would be the contributions, and you split them in half. Can you explain to me, just quickly, how it is that the two experts varied so much in terms of what they said that the wise benefit should be? How did you go from one was $200,000 and the other $700,000? What was the difference there? The difference that I saw is that Daniel's expert calculated the benefit as if Daniel had retired on the date of the judgment, which would be in 1996. So his expert did not count all of the years of participation that Daniel was in the fund, whereas Irene's expert took the years while they were married over, in a ratio over the years of participation according to what the benefit formula was in the Illinois Pension Code. What methodology did Judge Murphy use in making that determination, and what in your client's estimation, why in your client's estimation, did she err? Well, Your Honor, she erred because the contribution simply can't be the benefit. It states that the half of the value, or the value of the benefit, is what's to be determined, and the benefit under a defined benefit plan under this Article 8 cannot be just contributions. Could it have been that the judge was relying on the settlement agreement or her interpretation of what the clients, the litigants had agreed to, and because she, you know, this is a seasoned judge, and so she certainly would know that there would be contributions and that there would be other contributions, for example, that the city would have made to the pension plan. So could she not have been simply trying to rely upon the agreement between the parties? You mean an agreement as determined that's not reflected in the In order to come up with her determination of the hundred plus thousand dollars. If she thought she was simply interpreting the agreement between the parties, isn't that the parties were simply restricting themselves to the amount of the husband's contribution? Well, Your Honor, I don't think that's reflected in the record at all. I mean, I don't see where she, I mean, she could have thought she was doing that, but I don't see how she came up with just the contributions as the benefit. I mean, it's Is there anything in the settlement agreement that would steer her otherwise? I didn't see anything in it. I think you had another question, Your Honor, that I didn't address. I think going back to what Judge Patty asked regarding the methodology Justice Murphy followed, or Judge Murphy followed, are you suggesting that, you know, she simply picked a figure out of thin air and said this is the figure, this is the value of the pension, and therefore, this is what I'm going to direct the parties to divide? Your Honor, I have no idea why she picked the contributions. Well, doesn't it go back to Justice Hall's point that she was trying to effectuate the agreement between the parties, and you concede that on the date of the divorce, his contribution, and in that sense, the value of the pension based on his contribution was $105,000, or $105,000 and some odd. No, Your Honor. That's what the letter said, right? No, the letter said that the value, or said that the estimated benefit was going to be approximately $3,000. No, that's the monthly benefit. What was his contribution? His contributions were $105,000. Right, and what's to prevent the judge from saying, taking away the agreement between the parties and saying, that looks like a value to me, and that's the value I'm going to indicate that should be divided between the parties. But I don't think it follows the Illinois Pension Code. I mean, if a benefit is determined. Let's say there's a conflict between the Illinois Pension Code and the parties' agreement. Which should control? I'm going to say the Illinois Pension Code. Well, why shouldn't the parties agree to any kind of division that they want? Well, I guess they could do that, but I don't think it's reflected in the record that the contributions alone would be. And then we go back to the record. What is in the record? What's in the record? Well, nothing from the trial, because it was, when the trial counsel was there, she had no court reporters, and I came in at the very end of this. So, and then when I looked at the record and talked to everybody and no one remembered anything, there was nothing I could do, other than what I did. The only other thing I want to say, if there's no more questions, is that since the parties agreed to a 50% split, regardless of anything else, that each share has to be valued the same, according to Richardson. And Irene's share was valued simply as the contributions, whereas Daniel's share was valued according to Section 138 of the Illinois Pension Code, because that's what the fund had to apply, because that's what Article 8 says. And the last thing I will say, Your Honor, is that Richardson is almost an identical case. I mean, there are some differences, but the differences don't negate anything that's important. In fact, if anything, it helps Irene, because she was married longer to her husband than in Richardson, and Daniel participated in the fund longer than the husband in Richardson. So, I guess that's my comment. Okay, thank you, Counsel. We'll have some brief debacle. Appellee. Good morning, Justices. My name is Annette Fernals. I'm here on behalf of the Appellee, Daniel Wachowski. I want to take off specifically and address some of the issues that Counsel addressed in her argument. Specifically, she... Well, let's start with your position before Judge Murphy. Your position was that the value of the pension was what? Was $267,000. Right. So, it was more than what the judge declared was the value of the pension. Correct. And so, why shouldn't we conclude that the judge simply picked something out of the air, because it wasn't what you suggested the value was, and it certainly wasn't what the value was on the part of the wife. So, how can... Why shouldn't it be a clear-cut case that this is an abuse of discretion by the Circuit Court in deciding that the value is even less than the opponent suggests the value is? Well, I believe it's not an abuse of discretion because, as Justice Hall has pointed out, there's very disparate values from what their expert said at $770,000, what our expert said at $267,000. And given the documents... So, if it had fallen between those two figures, you might have a point. But how can we go below those two points? What evidence is there? What we have is the document from the pension plan, the letter that said that the employee's contributions plus interest as of that date were about $105,000. Right. And that's just a naked figure, and your expert concluded, based on that naked figure, that the real value, the value that should be divided between the parties, is over $200,000. And the expert on behalf of the wife said it's over $700,000. So, how do we get to the point where the judge says, no, you're both wrong. Maybe she was an expert of her own, and if she had revealed to us the basis for her decision, you know, we might find a basis to, you know, accord her some deference. But for her to pick a figure that's even below your, the amount that you believe the value was, I just find it difficult to understand. I do. Having done a lot of trial practice, I often find that judges don't pick, don't take a position that either party advances. But I think what is clear... for our purposes, that's hugely important, is it not? Yes, it is. The methodology, small m, the methodology that Judge Murphy used in coming up with that figure. Correct. And I can only tell the justices that Judge Murphy herself wrote the court order on July 18th, which said that she was relying on Article 12 of the judgment when she heard, because you can see the order was written by the court, that she valued it at $105,298.72. Let's go into that part. If that's your position, that does she get to decide what the agreement is between the parties against the position taken by the very parties who entered into that agreement? The husband says the Article 12 or Paragraph 12 means that the value is over $200,000. The wife says the value is over $700,000. How can the judge say, no, no, you're both wrong. What you really agreed to was that the pension value was $105,000. Does that make any sense? Well, I believe that as she sat there and she was the trier of fact, she had the opportunity to... of the parties that entered into the agreement itself? I don't think she's disregarding the intent of the parties. I think she was attempting to interpret the intent of the parties, and that's why she arrived at the numbers that she arrived at and divided it in half. And I think... Counsel, you agree that regardless of what the statute says, that the parties can come to a separate agreement of their own? I find in the area of family law, Justice, that is often the case. They do that with regard to child support. They do that with regard to maintenance. They do that with regard to a lot of different aspects, that they may not look at what a guideline child support order is, for example, and they may arrive at their own number. So I do think that does happen frequently, probably more than it should, but it does happen, yes. And that is what the court has to interpret, is the agreement and the contract of the parties. But once again, the court can interpret that without giving any consideration to the positions taken by the parties themselves that entered into the agreement? Because neither party agrees with the judge. It's true. But, Justice, we don't know why she disregarded both experts' opinions. Do we really even need to know that? I mean, we know what the husband says the agreement was, what the agreement was. We know what the wife says the agreement was. And so we have two conflicting positions. But the judge, to take a third position, seems awfully strange. That's all I can say. I understand. But in my area of practice in family law, I think that often the third position is often the judge's position, not going for either party. Well, but it depends on where that position falls. If the position falls between the two parties, that certainly is understandable. But when the position falls below what the respondent himself says the value is, it causes us to raise an eyebrow at least. I understand. It is curious. Would you not concede? I concede it's curious. I agree. And all I can look at is the letter that gave his contributions at that time with interest, and that obviously is the number she was looking at, and that's obviously how she valued it. Let's go to the final point that counsel made, and you'll have a chance to respond specifically to the other points that she made. But one was that Richardson, I think, can be interpreted to stand for the proposition that the value given by one party cannot be at odds with the value given by the other party. And I don't believe your client would say that on the date of marriage, the value of his pension was only $105,000. That would have been used up in less than three years at a rate of $3,000 per month if he had gotten that back then, but maybe not. Nonetheless, it certainly isn't something he would say, that was my value. In fact, he didn't say that. He said the value was over $200,000. So doesn't the judge's ruling here conflict with the principle set out in Richardson, that the value has to be the same for both parties? And the husband doesn't claim it's $105,000. Correct. But even if you adopted any of the other values, I guess my issue is this, if any other value was placed on it, if it was $770,000, would not Irene come back and make an issue with that unless you applied the Hunt formula? I guess that's why the value is the value she got half. And so even if we took her expert's value of $770,000 and it was divided in half, she still could raise the same issue. Let's take the worst-case scenario and just hypothetically that we had to remand because we found the judge's decision at odds with the evidence presented, certainly at odds with the positions taken by the opposing parties. Would that present what sort of limitation would you ask us to put on such a remand? Well, here's the issue. Counsel is strongly in favor of the court adopting the Richardson case. And I don't think that the trial court has to adopt the Richardson value. And furthermore, I think that there is language in their contract specifically that would encourage the trial court to look at the contract where it specifically allows Mr. Wachowski the opportunity to buy out Mrs. Wachowski's interest. And I think if you apply a Richardson scenario, that doesn't lend itself to the opportunity for him to buy out her purchase. And that's why I think they went and both parties valued the pension at that time. So I would think that this court not be restricted or not restrict the trial court to apply Richardson because I think that the facts are significantly different than were in Richardson. And by that you mean that there must be a ceiling to her interest. Right. And after she's paid that share, after she's paid her share of the pension value, he would be entitled to 100 percent of pension benefits thereafter. Correct. As opposed to Richardson where it doesn't suggest that there's a ceiling at all. Correct. You're correct. But you want a ceiling here. Well, I think the contract kind of implies that there would be some sort of ceiling and there is a buyout provision. And you'll concede that once there's a ceiling, then it really does, in order to be fair to both parties, you really have to make sure that you're correct on the value of the pension. Otherwise, one party is going to get shorted if there's a 50 percent division. Go on with your other arguments, counsel. You know, I was just going to address her issue, and I think I spoke to it about the distinguishing factors, I believe, that were in Richardson, the court. I know that counsel had believed that there should be a de novo standard. I don't think there's a de novo standard here. And the case of Richardson that she relies on so strongly doesn't suggest de novo either. Did this trial court abuse its discretion in ascertaining this value? Because I think the trial court is afforded a lot of different mechanisms or means to value the pension. Even the Richardson case brought up a hunt formula and a substitution method. So I was just going to point out that there are varying methods that a trial court could employ to come up with a value and to divide that. I do have one final question, and maybe you can't answer it, but it does concern the methodology employed in Richardson. What happens if, do you know what happens if the pension beneficiary, the person that earned the pension, dies shortly after an agreement is reached? Does the spouse continue to receive her share, or does the entire pension get cut off? Well, at the time when the courts first had quildros, there were no survivor benefits. I believe that as progressions have been made and there have been changes in the statute over time, there are now some provisions for some survivor benefits that didn't occur in 1999 when the legislation was enacted. So do you understand that to be on the basis of the non-pension earner's life, or is there a ceiling to what she will earn if the pensioner happens to die? I'm afraid I don't understand the question. The pensioner dies, and because there's survivor benefits, the ex-spouse gets her share. Does that go on for the entire duration of her life, or is the pension cut off after she receives the marital portion of the pension that was earned? I'm not an expert on this particular plan, but I do know that in a lot of other pension scenarios, they actually segregate the other spouse's benefit, and so it would continue throughout. Annuity would be based on what she received in her lifetime. I cannot speak to that in this specific issue, in this specific case, because I just don't know. Okay, thank you, Counselor. Thank you. RuPaul? Your Honor, to answer your question, in general, survivor benefits are not the pension. That's a separate benefit from a pension, and my understanding of Article 8 is that if Daniel passed away, then Irene's benefit ceases. Her entire pension benefit is based on Daniel's life. Also, we believe that the standard of review is de novo because Richardson is controlling and several other factors that are mentioned in the brief. But even if the abuse of discretion standard was applied, it's clear that the judge abused her discretion because she didn't follow either expert's opinion.  But as the justice points out, it's even less than what their own expert had determined. We would just ask, Your Honor, that the trial courts be reversed, that the court determine the value of the malreportional remand for the lower court in conformity with Richardson and apply, we believe, widely accepted law, the reserve jurisdiction approach, and the court to order Daniel to take all steps necessary that a quadro may be entered. I believe that a consent is no longer required, but if it is, we would ask that he be ordered to consent because that's how this entire thing began in the first place, and also that reasonable attorney's fees be awarded. Thank you. Thank you, Counselor. This matter will be taken under advisement. This Court is adjourned. Thank you.